

The following constitutes
the order of the court. Signed January 20, 2015

**William J. Lafferty, III
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | No. 09-46563 |
| Rickey Lee Aberle | Chapter 7 |
| Debtor. | |
| Jeffrey Koopen, *by and through his Guardian ad Litem, Jacobus Koopen*, | |
| Plaintiff, | Adv. Pro. No. 09-04463 |
| v. | |
| Rickey Lee Aberle, Defendant. | |

**MEMORANDUM REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant in this adversary proceeding, Rickey Lee

Aberle ("Defendant"), filed a Motion for Summary Judgment on

July 2, 2014.  The plaintiff, Jeffrey Koopen ("Plaintiff"),
filed an Opposition on July 22, and a hearing was held on
August 6, 2014.  At the conclusion of the hearing, the court
requested the parties submit supplemental briefs.  The
supplemental briefs were filed on September 8, and September
29, 2014, and the court took the matter under submission.  For
the reasons discussed below, Defendant's Motion for Summary
Judgment is denied.

### Factual Background & Procedural History

On September 23, 2005, Plaintiff was a passenger in a boat
that was piloted by Defendant.  An accident occurred, and
Plaintiff suffered serious personal injury.  On April 20, 2006,
Plaintiff filed a complaint in Alameda County Superior Court
against Defendant stating a negligence cause of action.[1]  On
July 22, 2009, five days before the scheduled trial in the
state court case, Defendant filed chapter 7 bankruptcy in the
Northern District of California, Oakland Division. *In re Rickey
Lee Aberle*, Bankr. No. 09-46563 (Bankr. N.D. Cal. July 22,
2009).  The filing of the bankruptcy case triggered an
automatic stay that prevented the state court action from
proceeding.  On October 19, 2009, Plaintiff filed this

---

[1] *Jeff Koopen an incompetent person, by and through his Guardian Ad
Litem Jacobus Koopen v. Rick Aberle, et al.,* Alameda Super. Ct. No.
HG06266136, a copy of which is attached as Ex. A to the Decl. of Alison
M. Crane in Supp. Of Def.'s Mot. Summ. J., July 2, 2014, ECF No. 45
(hereinafter "Crane Decl.").

2

adversary proceeding. The complaint alleged Defendant was liable to Plaintiff for injuries arising from the boating accident, and that Defendant's liability was excepted from discharge under sections 523(a)(6) and 523(a)(9) of the United States Bankruptcy Code. A debt is excepted from discharge under section 523(a)(6) if it arises from willful or malicious injury by the debtor to another entity, and under section 523(a)(9) if the debt arises from personal injury caused by the debtor's unlawful operation of a motor vehicle due to intoxication. 11 U.S.C. § 523(a) (2012).

At the initial status conference in this adversary proceeding on December 9, 2009, the bankruptcy court (the undersigned judge's predecessor) lifted the automatic stay *sua sponte* to allow the state court action to proceed, and stayed this adversary proceeding pending the outcome of the state court action. The bankruptcy court lifted the stay "only for the purpose of liquidating the claim in the amount of the judgment," and the parties were to return to bankruptcy court once the claim was liquidated "for a determination as to nondischargeability." Tr. of Status Conference at 3, *Koopen v. Aberle (In re Aberle)*, Adv. No. 09-04463 (Bankr. N.D. Cal. Dec. 9, 2009). At the conclusion of the hearing, the bankruptcy court also suggested that, in the interests of judicial

economy, the Plaintiff seek a determination on Defendant's intoxication in the state court proceeding. *Id.* at 5-6.

Plaintiff returned to state court and filed a brief that requested issues of intoxication be included in a special verdict form because intoxication was a basis for negligence *per se*, and an intoxication determination would assist the bankruptcy court to liquidate the claim.[2] Plaintiff further argued that the automatic stay was lifted to allow the state court to determine the intoxication issue.[3] After voicing some concerns, the state court approved the request for a special verdict, and the verdict form instructed the jury first to consider whether Defendant was liable under a negligence *per se* theory, and if not, then consider if Defendant was liable under a traditional negligence theory. When considering the negligence *per se* theory, the jury was to determine if Defendant was intoxicated, and if Defendant's intoxication was a substantial factor in causing Plaintiff's injuries.

After conclusion of the trial, the jury determined Defendant was not intoxicated "when he operated the vessel at the time of the accident," and this ended the jury's negligence *per se* analysis.[4] The jury proceeded to determine if Defendant

---

[2] *See Pl.'s Br. Re Intoxication Questions in Special Verdict Form*, a copy of which is attached as Ex. E to the Crane Decl.
[3] *Id.*
[4] *J. on Special Verdict* a copy of which is attached as Ex. G to the Crane Decl.

4

was negligent under a traditional theory, and whether Defendant's negligence was a substantial factor in causing Plaintiff's injuries. The jury concluded Defendant was negligent because he chose to use a boat without a spot light, and piloted a boat at an excessive speed, and these were substantial factors in causing Plaintiff's injuries.[5] The jury calculated and apportioned damages, and assigned 35% of the responsibility for damages to Defendant.[6] However, it is unclear from the record if the jury considered Defendant's non-intoxication when calculating and apportioning damages.[7]

The issue of whether Defendant consumed alcohol and marijuana on the day and night of the accident was litigated in the state court action. After the evidence was submitted, Defendant moved to strike all evidence of Defendant's alcohol

---

[5] The judgment indicates that the jury deliberated and returned a special verdict of "No" in response to the question "Was Defendant Rick Aberle intoxicated when he operated the vessel at the time of the accident?". The judgment also indicates the jury returned a verdict of "Yes" in response to the question "Was Rick Aberle negligent?" and "Was Rick Aberle's negligence a substantial factor in causing harm to Jeff Koopen?". *See Special Verdict* a copy of which is attached as Ex. F to the Crane Decl. The jury determined Defendant was negligent because he chose to use a boat without a spot light, and piloted a boat at an excessive speed. *See Koopen v. Aberle*, 2014 WL 795662 at *5 (Cal. App. 1st Dist. Feb. 28, 2014).

[6] The judgment calculates Plaintiff's damages at $5,991,386.81 and assigns 35% of the responsibility for damages to Defendant. The remaining responsibility for Plaintiff's harm was assigned 55% to Colin Troi, and 10% to Jeff Koopen. *See Special Verdict* at 4, a copy of which is attached as Ex. F to the Crane Decl.

[7] *See Special Verdict* a copy of which is attached as Ex. F. to the Crane Decl.; *J. on Special Verdict*, a copy of which is attached as Ex. G to the Crane Decl.

5

consumption and drug use.[8]  The court struck the evidence of marijuana use because the effects of marijuana on the human body were not common knowledge, and Plaintiff failed to provide evidence explaining these effects.  *Koopen v. Aberle*, 2014 WL 795662 at *2 (Cal. App. 1st Dist. Feb. 28, 2014).  The evidence regarding Defendant's blood alcohol content was excluded because it was not supported with expert testimony. *Id.* at *2 n. 3.

The Plaintiff appealed to the California Court of Appeal for the First District.  A Statement of Issues on Appeal was not filed; however, the issues presented to the Court of Appeal were set forth in the Appellant's Opening Brief.[9]  In the Brief Plaintiff argued that the jury's comparative negligence finding was not supported by the law or evidence.[10]  Plaintiff also argued the trial court abused its discretion in striking all testimony of Defendant's marijuana use, and the ruling should be reversed.[11]  Plaintiff requested that even if a full retrial would not be required, the Court of Appeal should remand the case for a new trial on the issue of intoxication.[12]

---

[8] *Appellant's Opening Br.* at 7, a copy of which is attached as Ex. A to the Decl. of Anthony Boskovich in Resp. to Ct.'s Req. for Statement of Issues, Aug. 5, 2014, ECF No. 56.
[9] *Id.*
[10] *Id.* at 33–34.
[11] *Id.* at 21.
[12] *Id.* at 32–33.

On February 28, 2014, the Court of Appeal filed its decision, *Koopen v. Aberle,* 2014 WL 795662 (Cal. App. 1st Dist. Feb. 28, 2014). The Court of Appeal rejected Defendant's argument that the jury erred in allocating comparative fault among the parties. *Id.* at *7. The Court of Appeal also found the trial court did not abuse its discretion in striking the testimony of Defendant's marijuana use, on the theory that expert testimony was necessary. Plaintiff further argued evidence of the marijuana consumption was relevant to the issue of intoxication, and requested the Court of Appeal remand the case for a new trial on that issue alone even if the judgment were not reversed. The Court of Appeal expressly declined to review the issue of intoxication or remand the case. The Court of Appeal stated:

> Here, the inclusion of the question about
> intoxication was extraordinary because,
> unlike the jury's findings of negligence
> and causation, the fact of Aberle's
> intoxication was not an element of Koopen's
> claim. As the trial court noted in
> permitting Koopen's requested jury
> interrogatory, a finding on the issue of
> intoxication was included in the verdict
> form only as, in effect, a favor to the
> bankruptcy court. Even if we were to
> review the finding on intoxication,
> conclude it was erroneous, and vacate it,
> we would have no power to order a new trial
> with respect to the issue because its
> reversal would not affect the judgment. It
> goes without saying that recognized forms
> of state court proceedings do not include

7

the trial of an isolated fact, independent
of a cause of action or other right to
relief. From the perspective of this court,
the issue is therefore moot.  The legal
significance of the finding of no
intoxication and the weight to be afforded
it in bankruptcy court are matters to be
determined by that court. We therefore
decline to review the jury's finding
regarding intoxication.

*Id.* at *7.

After the appellate court opinion was issued, the parties

returned to bankruptcy court to dispose of this proceeding.

Defendant filed a motion for summary judgment in this adversary

proceeding on July 2, 2014.  Defendant argues issue preclusion

should apply to the jury's finding that Defendant was not

intoxicated.  Plaintiff opposes the motion, and argues issue

preclusion cannot apply.  At the hearing on August 6, 2014,

Plaintiff withdrew their claim that the debt was

nondischargeable under section 523(a)(6).

## Discussion

The issue before the court is whether the jury's finding

during the state court action that Defendant was not

intoxicated at the time of the accident should be given

preclusive effect in this nondischargeability proceeding.  If

issue preclusion is appropriate, the jury's finding of non-

intoxication is determinative of whether the debt is excepted

from discharge.

The doctrine of "[i]ssue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Readylink Healthcare, Inc., v. State Compensation Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)) (internal quotation marks omitted). Bankruptcy courts can apply issue preclusion to findings made by state courts to determine if a debt is excepted from discharge under section 523(a). *In re Baldwin*, 249 F.3d 912, 917 (9th Cir. 2001) (citing *Grogan v. Garner*, 498 U.S. 278, 284 n. 11 (1991)). The "preclusive effect of a state court judgment [is determined] by applying that state's preclusion principles." *Readylink Healthcare*, 754 F.3d at 60. For purposes of Defendant's Motion for Summary Judgment, California law applies because the judgment in *Koopen v. Aberle* was entered in the Alameda County Superior Court, and affirmed by the Court of Appeal.

In a recent opinion by the Ninth Circuit Court of Appeals, *Readylink Healthcare, Inc., v. State Compensation Ins. Fund,* 754 F.3d 754 (9th Cir. 2014), that court set forth the requirements for issue preclusion under California law. An

issue can be given preclusive effect by a court in a subsequent proceeding if five requirements are met.

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Id.* at 460-61 (quoting *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 769, 795 P.2d 1223, 1227).

The party asserting that the issue should be precluded has the burden of demonstrating to the court in the subsequent proceeding that these requirements are present. *In re Baldwin*, 249 F.3d at 917-18 (quoting *Lucido*, 51 Cal.3d at 341). If these five preliminary requirements are established, the court must consider whether application of issue preclusion would further public policies including the "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigants." *Readylink Healthcare*, 754 F.3d at 761 (quoting *Lucido*, 51 Cal.3d at 341).

Case: 09-04463   Doc# 60   Filed: 01/20/15   Entered: 01/21/15 11:24:40   Page 10 of 20

The only aspect of this test that is in dispute in this proceeding is whether the third requirement is met, i.e. was the matter necessarily decided.

## Analysis

Under California law, preclusive effect cannot be given if a finding is "entirely unnecessary" to a judgment. *Readylink Healthcare*, 754 F.3d at 762. If the final judgment was issued by a trial court, the court in the subsequent proceeding should determine the preclusive effect of the trial court's judgment by examining the relevance of the issue for which preclusive effect is sought to the trial courts' ultimate determination of the matter. *See id.* at 760. If there has been appellate review of a trial court's judgment, however, the court in the subsequent matter should consider the disposition by the appellate court to determine whether the matter was necessarily decided. *See Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 875, 114 Cal.Rptr.3d 241, 251, 237 P.3d 565, 574; *Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 83, 70 Cal.Rptr.3d 817, 821.

The *Koopen v. Aberle* state court matter has an unusual procedural context: in connection with granting a motion for relief from stay to permit an action to be tried in state court, a bankruptcy judge essentially directed the plaintiff in

that action to seek determination of an issue that would be critical in a subsequent proceeding in the bankruptcy court concerning dischargeability of a debt. As explained in greater detail below, this context, and the Court of Appeals disposition of the matter, dictates this court's conclusion that it would be inappropriate to afford preclusive effect to the jury's finding of non-intoxication.

### *The finding is not necessary to the judgment*

In *Koopen v. Aberle*, Plaintiff brought a claim for negligence under a negligence *per se* and a traditional negligence theory. The parties actually litigated the issue of intoxication for purposes of negligence *per se*, and the jury concluded Defendant was not intoxicated. Nevertheless, Plaintiff succeeded in proving Defendant was negligent under a traditional negligence theory and obtained a judgment against Defendant.

Although successful in obtaining the judgment, Plaintiff appealed the trial court's decision at least partially because Plaintiff needed the jury to determine Defendant was intoxicated for the judgment to be excepted from discharge by this court under section 523(a)(9). The Court of Appeal expressly declined to consider the issue of intoxication. *Koopen v. Aberle*, 2014 WL 795662 at *4 (Cal. App. 1st Dist.

Feb. 28, 2014). The Court of Appeal did not decline to review this issue merely because it could sufficiently dispose of the matter on other grounds, and ruling on a further matter was not consistent with principles of judicial economy. To the contrary, the Court of Appeal went much further and explained that the issue of intoxication was not an element of Plaintiff's claim, and even if the issue of intoxication were reviewed and reversed it would have no effect on the state court judgment. *Id.* at *4-5. There is no other conclusion possible than that the Court of Appeal determined that the issue of intoxication was not necessary to the lower court's judgment.

And although it is unquestionably this court's responsibility to determine the preclusive effect, *vel non*, of the jury's finding of non-intoxication in the state court, this court is convinced that it would be irresponsible to ignore the definitive statement of the Court of Appeal that the finding of non-intoxication was not necessary to the judgment. Therefore, this court concludes that preclusive effect should not be granted to the jury's finding in this matter.

The Bankruptcy Appellate Panel for the Ninth Circuit has stated repeatedly that bankruptcy courts should exercise caution before granting preclusive effect to state court

Case: 09-04463    Doc# 60    Filed: 01/20/15    Entered: 01/21/15 11:24:40    Page 13 of 20

findings in nondischargeability proceedings. *See Genesis VJ, Inc. v. Nguyen (In re Nguyen)*, 2012 WL 603680 at *7-8 (B.A.P. 9th Cir. Feb. 17, 2012) (finding unclear if state court decided agency issue, determining bankruptcy court did not abuse its discretion in declining to apply issue preclusion). The Defendant has not met his burden to prove the jury's non-intoxication finding should be given preclusive effect.

### *Appellate Review and Issue Preclusion*

This court acknowledges, and the parties spent a lot of time discussing, one aspect of the question whether to afford preclusive effect to findings in a prior matter that has generated a very interesting debate among California courts, i.e. what is the preclusive effect of an issue actually determined by a trial court that is neither relied upon, nor disturbed, by a reviewing appellate court.

In a 2003 decision, *DiRuzza v. County of Tehama*, 323 F.3d 1147 (9th Cir. 2003), the Ninth Circuit determined that an 1865 California Supreme Court case, *People v. Skidmore* (1865) 27 Cal. 287, remained controlling authority on this issue. *DiRuzza*, 323 F.3d at 1156. According to *DiRuzza*, *Skidmore* held that preclusive effect can be given to all grounds upon which the lower court's judgment was based, unless that holding is reversed on appeal. More recent California case law, however,

Case: 09-04463   Doc# 60   Filed: 01/20/15   Entered: 01/21/15 11:24:40   Page 14 of 20

provides reason to doubt the continuing validity of this conclusion.

This bankruptcy court is certainly bound by the Ninth Circuit Court of Appeals' interpretation of California state law, including the Ninth Circuit's holding in *DiRuzza* that *Skidmore* continues to be controlling authority in this state on the issue of preclusive effect of findings not disturbed on appeal. However, unlike in *DiRuzza* and *Skidmore*, the finding at issue in this matter was not an *alternative* ground on which the judgment was based. Defendant succeeded in obtaining a judgment based on a traditional negligence theory, and that judgment was appealed. The non-intoxication finding was ultimately unnecessary and immaterial to the judgment, as explained by the Court of Appeal.[13] This court accordingly believes that the clear ruling of the California Court of Appeal takes this matter outside the circumstances pertaining in *Skidmore* and *DiRuzza,* and that the appropriate result here is that the finding not be given preclusive effect.

Moreover, the Court of Appeal's express declination to review the finding of non-intoxication further removes this matter from the rule announced in *Skidmore*.

---

[13] In *DiRuzza*, the Ninth Circuit considered a 1952 California Court of Appeal decision, *Natural Soda Products Co. v. City of Los Angeles* (1952) 109 Cal.App.2d 440, 240 P.2d 993, 996, which provided that the general rule under *Skidmore* may have an exception for a finding that is "unnecessary and immaterial." *See DiRuzza*, 323 F.3d at 1155.

15

Although the California Supreme Court has not expressly overruled *Skidmore* post-*DiRuzza*, in 2010 that Court issued its opinion in *Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 114 Cal.Rptr.3d 241, 237 P.3d 565, which discussed the importance of effective appellate review to a finding of issue preclusion, and cited the *Restatement (Second) of Judgments* as determinative on preclusive issues. *See Murray*, 50 Cal.4th at 875. The putative rule from *Skidmore*, that an unrelied upon but undisturbed finding from a trial court does not lose its preclusive effect, appears to be directly contra the modern rule adopted by the *Restatement (Second) of Judgments*, under which *only* the grounds considered on appeal can be given preclusive effect. *See Restatement (Second) of Judgments* § 28(1) (1982). According to section 28(1), issue preclusion should not be applied when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." *Id.*

In *Murray*, the California Supreme Court determined issue preclusion applied because the party against whom preclusion was sought had the opportunity to appeal the determination made by a federal official. The holding in *Murray* is arguably limited on the facts that if a vehicle for appeal is available, issue preclusion can be applied. However, the *Murray* decision

Case: 09-04463   Doc# 60   Filed: 01/20/15   Entered: 01/21/15 11:24:40   Page 16 of 20

indicates the opportunity for appellate review is important under California law.[14]  In light of the holding in *Murray*, Plaintiff's inability to obtain appellate review of the finding of non-intoxication is itself instructive to this court's analysis of the preclusive effect of the finding. *See Murray*, 50 Cal.4th at 875.

### Some Remaining Procedural Issues

As mentioned briefly above, at the conclusion of the hearing on Defendant's Motion for Summary Judgment, the court asked the parties for further briefing on two issues:  (1) Were the court to conclude that issue preclusion should not be applied to the state court's determinations, what should be the scope of the trial before this court, and is there any reason why this court would lack judicial power to enter a final order or judgment in this matter? and (2) in light of the determinations by the trial court regarding intoxication, is there any reason to limit the scope of the evidence that may be presented to this court in a trial in this proceeding?

---

[14] In at least two decisions published after *DiRuzza*, the California Court of Appeal has followed the modern rule under the *Restatement (Second) of Judgments*.  *See, e.g., Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 79, 88, 70 Cal.Rptr.3d 817, 819, 826 (finding *Skidmore* is not controlling authority for issue preclusion under California law, and "only the grounds relied on by the appellate court can establish collateral estoppel").  Courts outside of California have also adopted the modern rule.  *See Rutanen v. Baylis (In re Baylis)*, 217 F.3d 66, 71 (1st Cir. 2000) (declining to apply preclusive effect in a nondischargeability proceeding to a bad faith finding made by a state probate court because the finding was not subject to appellate review).

17

After review of the parties' briefs, the court concludes that there is no dispute about the first question: the parties agree that the sole issue to be decided by this court is whether Defendant was intoxicated at the time of the accident, as provided in Section 523(a)(9), and that this is the proper court to enter a final order on that issue.[15] As to the second question, the parties do disagree about the scope of evidence that should be presented at a trial on this issue, Plaintiff arguing that no restriction is appropriate, and Defendant arguing that in light of the trial court's disposition of the issue, including its exclusion of evidence for the reasons set forth above, Plaintiff should be limited in its presentation to the evidence actually considered by the jury. [16]

This court is convinced that if it is not to give preclusive effect to the jury's finding on non-intoxication, it cannot fairly limit the scope of evidence that may be produced at trial, subject of course, to any appropriate motions in limine or to strike, based solely on facts and arguments presented contemporaneously to this court.

---

[15] *See* Br. Of Pl. Re Questions Posed by Court at Hearing Of 6 August 2014, at 2, Sept. 8, 2014, ECF No. 58; Additional Br. In Support of Mot. For Summ. J. by Debtor Ricky Lee Aberle at 3, Sept. 29, 2014, ECF No. 59.

[16] *See* Br. Of Pl. Re Questions Posed by Court at Hearing Of 6 August 2014, at 3-5, Sept. 8, 2014, ECF No. 58; Additional Br. In Support of Mot. For Summ. J. by Debtor Ricky Lee Aberle at 3-5, Sept. 29, 2014, ECF No. 59.

Case: 09-04463   Doc# 60   Filed: 01/20/15   Entered: 01/21/15 11:24:40   Page 18 of 20

Accordingly, the court will conduct a status conference, in this adversary proceeding on January 28, 2015, at 10:30 AM, to consider matters pertinent to trial setting and other logistical issues.

### Conclusion

After considering the unique procedural history of this case, the court concludes that Plaintiff should not be precluded from litigating in this court the issue of intoxication. For the reasons set forth above, Defendant's Motion for Summary Judgment is denied.

**\*END OF MEMORANDUM\***

Case: 09-04463   Doc# 60   Filed: 01/20/15   Entered: 01/21/15 11:24:40   Page 19 of 20

**<u>COURT SERVICE LIST</u>**

Jeffrey Koopen, by and throgh his Guardian ad Litem,
Jacobus Koopen

5141 Waller Avenue

Fremont, CA 94536

Anthony Boskovich
Boskovich & Appleton

28 N 1st St. 6th Fl.

San Jose, CA 95113-1210

Rickey Lee Aberle
37999 Stenhammer Drive

Fremont, CA 94536

C. Randall Bupp

Bardellini, Straw, Cavin and Bupp
2000 Crow Canyon Pl. #330

San Ramon, CA 94583

Chris D. Kuhner

Kornfield, Nyberg, Bendes and Kuhner
1970 Broadway #225

Oakland, CA 94612

Case: 09-04463   Doc# 60   Filed: 01/20/15   Entered: 01/21/15 11:24:40   Page 20 of
20